Green, J.
delivered the opinion of the court.
This is an action of covenant against a constable and his sureties; and the only question is, whether the defendants sealed the bond sued on.
There are four seals to the bond, and nine signatures. The declaration alledges that all the parties sealed the covenant. The defendants craved oyer of the covenant and demurred.
The court overruled the demurrer, and the defendants pleaded non est factum. They do not deny their signatures, but they deny that they sealed the writing sued on.
The court charged the jury, that if there were a greater number of signatures to the paper, than' there were seals, the jury must be satisfied that the parties, opposite to whose names there were no seals, adopted the seals of the others or they were not bound; but that it was not necessary that there should be a seal annexed to each name, but that several parties might adopt one seal, and it would be the covenant of all.
The jury found for the plaintiff, and the defendants appealed to this court.
By the common law, many persons may seal with the same seal, each one making a different impression upon the wax. Shep. Touchstone, 51. In this country the omission of the use *223 of the wax, and adoption of the scroll for a seal, does not alter the principle. Although the proof, that many obligors have adopted one seal, becomes more difficult; yet wbén the fact of the intention to do so, is established, the obligation is the same as if the party had made an impression on the wax. This principle is recognized by the Court of Appeals of Kentucky, in the case of Bohana vs. Lewis, 3 Monroe Rep. 376, and by the Supreme Court of North Carolina, in Yarboro vs. Monday, 3 Dev. Rep. 493.
This question did not arise in the case of Oldham vs. Baily, 4 Hump. Rep. 332. That was an action of debt upon an instrument signed by two, with only one seal, which was placed opposite the name of one of them. One countof the declaration described the paper writing sued on accurately. This court, without considering the question whether both had sealed the instrument, determined that they were both liable in a joint action of debt; taking it as granted that one had bound himself by an obligation, and the other by simple contract only.
2. But it is said, that though many obligors may adopt one seal, yet the presumption is, that those only sealed the paper, who have seals opposite their names; and that the demurrer should have been sustained to this declaration.
We do not concur in this proposition. If it he doubtful upon the face of the paper, whether it be a deed or a simple contract, the on-us lies upon the -plaintiff to prove his case. Arid where there are a greater number of signatures than seals, it must always be doubtful on the face of the paper, whether it be not the deed of all the parties. And the probability, that it is the deed of all, is increased where the instrument, as in this case, uses the words, “witness our hands and seals”; for although these words will not make'it a sealed instrument in the absence of the scroll, yet they may be looked to, as a circumstance to explain the intention of the parties. But to have sustained the demurrer, would have excluded all investigation as to the question, whether the parties adopted the seals of other obligors; and would have been a determination that they did not. This the court should not do, where the question is doubt *224 ful, and must depend on proof. The demurrer was, therefore, properly overruled.
There is ho error in the charge of the court; and the verdict of the jury is well warranted by the proof in the case.
Affirm the judgment.